**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| XLECIA HILL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CAPITAL SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:26-cv-2351<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, XLECIA HILL ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of NATIONWIDE CAPITAL SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Western District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Holt, Michigan, which is located within the Western District of Michigan.

5. Defendant is a third-party debt collector organized under the laws of the state of Nevada, with its principal place of business located at 4300 East Sunset Road, Suite D1, Henderson Nevada 89014. Defendant regularly uses interstate commerce, the mail and/or email, in its efforts to collect upon consumers across the United States, including those residing within the state of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. For the last several months, Plaintiff has been looking to improve her credit, so she accessed her credit report and was surprised to see an entry bearing Defendant's name, who was reporting in an active collection status, consumer debt ("subject debt") that Plaintiff purportedly incurred with *TBO Bank Bank of Orrick* (the "Bank").

8. Upon information and belief, after the subject debt was allegedly in default, it was assigned to Defendant for collection purposes.

9. Plaintiff was confused by Defendant's reporting and did not agree with the underlying balance set forth in her credit report

10. Accordingly, on or about June 17, 2026, Plaintiff contacted Defendant via telephone and disputed owing the subject debt.

11. Rather than notate Plaintiff's dispute and inform the Bank of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

12. A few weeks later, Plaintiff checked her credit report to ensure that Defendant was no longer reporting the subject debt, but much to her dismay, not only was Defendant reporting the subject debt in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff. *See* attached Exhibit A Plaintiff's Equifax credit report.

13. Plaintiff was perplexed by Defendant's failure to communicate to Equifax that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Equifax in July of 2026, which was well after Plaintiff's dispute with Defendant. *See Id.*

14. To date, Defendant has failed to notify Equifax regarding Plaintiff's dispute of the subject debt and has continued to disseminate false information regarding Plaintiff to third parties, including potential creditors.

15. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

16. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

17. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

18. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

19. Defendant's conduct and credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the loss of credit and/or the loss of ability to purchase and benefit from a credit line, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of 15 U.S.C § 1692e

25. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

27. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to TransUnion in an active collection status, when not only did Plaintiff not owe the subject debt, but she explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to TransUnion, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that she did not owe.

**ii. Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not agree with the balance communicated by Defendant and the Bank, and she disputed owing the same. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

30. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

31. As pled in paragraphs 15 through 19, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, XLECIA HILL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 17th day of August, 2026. Respectfully Submitted,

*<u>/s/ Taxiarchis Hatzidimitriadis</u>*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorney for Plaintiff, Xlecia Hill*